TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Christine Bennett

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Bennett and Darrin Bennett, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Dutchmen Manufacturing, Inc.; and Arizona RV Centers LLC d/b/a Camping World, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiffs, Christine Bennett and Darrin Bennett, by undersigned counsel, state as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiffs claim more than $50,000.00 in damages, exclusive of interest and costs.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Christine Bennett (hereafter "Ms. Bennett"), is an adult individual residing in Queen Creek, Arizona.

5. The Plaintiff, Darrin Bennett (hereafter "Mr. Bennett," and together with Ms. Bennett, the "Plaintiffs"), is an adult individual residing in Queen Creek, Arizona.

6. Defendant, Arizona RV Centers LLC d/b/a Camping World (hereafter the "Dealership"), is a business entity with a principal place of business at 2222 E. Main Street, Mesa, Arizona 85213. Arizona RV Centers LLC d/b/a Camping World is an authorized dealership of Defendant Dutchmen Manufacturing, Inc., and is engaged in the business of selling and servicing travel trailers within the jurisdiction of this Court.

7. Defendant, Dutchmen Manufacturing, Inc. (hereafter the "Manufacturer," and together with the Dealership, the "Defendants"), is a business entity with a principal place of business at 2164 Caragana Court, Goshen, IN 46526.  The Manufacturer is in the business of marketing, supplying, and selling travel trailers accompanied by written warranties to the public at large through a system of authorized dealerships, including the Defendant Dealership.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. Trailer Purchase

8. On or about August 30, 2014, the Plaintiffs signed a contract with the Dealership to purchase a new 2015 Dutchmen Voltage3990 Fifth Wheel Travel Trailer, Vehicle Identification Number 4YDF39931FZ990466 (hereafter, the "Trailer").

9. The purchase price of the Trailer was $100,945.12, including options, fees, taxes, and other charges.

10. At the time the Plaintiffs signed the purchase agreement for the Trailer, the Dealership made representations as to the Trailer's performance and quality and assured that it would deliver the Trailer free from defects.

11. Plaintiffs took delivery of the Trailer on September 6, 2014.

12. Thereafter, continuing malfunctions, defects, and problems have plagued the Trailer.

3

## B. **Defendants' Breach of Warranty**

13. On September 19, 2014, Plaintiffs delivered the Trailer to the Dealership for repair.

14. Plaintiffs complained that the driver side living room slide would not retract and the passenger side galley slide would not retract.

15. The Dealership verified the complaints and performed repairs.

16. The Trailer was ready for pick up on September 30, 2014, and was subject to repair for twelve (12) days.

17. On November 10, 2014, Plaintiffs delivered the Trailer to the Dealership for repair.

18. Plaintiffs complained that the front hydraulic legs were not working and were dropping, that the living room slide would not retract, that the kitchen slide would not retract properly, that the bedroom carpet was coming up, and that the Trailer suffered from other non-conformities.

19. The Dealership verified most of the complaints and performed repairs.

20. The Trailer was ready for pick up on or about November 22, 2014, and was subject to repair for twelve (12) days.

21. On December 31, 2014, Plaintiffs delivered the Trailer to the Dealership for repair.

4

22. Plaintiffs complained that the bedroom carpet was coming up, that the living room slide controller was flashing a fault code, that some moldings came off and seams had to be repaired, that the hydraulic legs were not working and were dropping, that the Trailer had water leaking, that some seals where damaged or missing, and that the floor line molding had become detached again.

23. The Dealership verified most of the complaints and performed repairs, and ordered parts to complete the remaining repairs.

24. While the Dealership was waiting for parts to arrive, Plaintiffs took the Trailer from the Dealership to use it for their trip, and returned the Trailer back to the Dealership about two months later.

25. The Dealership completed the remaining repairs once the parts arrived.

26. The Trailer was ready for pick up on May 25, 2015, and was subject to repair for nearly four months.

27. On June 17, 2015, Plaintiffs delivered the Trailer to the Dealership for repair.

28. Plaintiffs complained that the air bladder was losing air, the front hydraulic legs still did not operate properly, the main slide was making a loud noise when retracting, some screws were loose, some trim broke off, jacks were leaking and making noise, and the Trailer suffered from other non-conformities.

29. The Dealership verified most of the complaints and performed repairs.

5

30. The Trailer was ready for pick up on August 27, 2015, and was subject to repair for nearly seventy (70) days.

31. On November 18, 2015, Plaintiffs delivered the Trailer to the Dealership for repair.

32. Plaintiffs complained that the jacks continued to leak the hydraulic fluid, that the air hitch leaked, that piping near a toilet leaked, that various trim pieces got detached, and that the garage screen door would not stay on track.

33. The Dealership verified some of the complaints and performed repairs.

34. The Trailer was ready for pick up on or about January 19, 2016, and was subject to repair for two (2) months.

35. Soon thereafter, Plaintiffs returned the Trailer to the Dealership for repair.

36. Plaintiffs complained that the Trailer stabilizers, hydraulics, and standing gear still malfunctioned, that the ceiling above the shower had signs of water damage, that the screen door would not fully close, that the black tank leaked, and that the Trailer suffered from other non-conformities.

37. The Dealership verified most of the complaints and performed repairs.

38. The Trailer was ready for pick up on or about May of 2016 and was subject to repair for at least 3 months.

39. The defects in the Trailer substantially impair the use, value, and safety of the Trailer.

6

40. The Plaintiffs could not reasonably have discovered said nonconformities prior to their acceptance of the Trailer.

41. The Plaintiffs provided the Defendants, and one or more of their authorized or franchised dealers, with sufficient opportunities to repair the defective Trailer, but Defendants have neglected, failed, refused, or otherwise been unable to do so within a reasonable amount of time.

42. By a letter dated November 16, 2015, Plaintiffs, through their counsel, notified the Manufacturer of nonconformities with the Trailer and of a claim pursuant to the provisions of the Arizona law.

43. Manufacturer failed to make use of its opportunity to cure the defects following the receipt of Plaintiffs' notice.

## COUNT I

## BREACH OF WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301, *et seq.*

44. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Each Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

46. Defendants are "supplier[s] and warrantor[s]" as defined in 15 U.S.C. § 2301(4) and (5).

47. The Trailer is a "consumer product" as defined in 15 U.S.C. § 2301(1).

48. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

49. 15 U.S.C. § 2304(a)(1) requires Defendants, as warrantors, to remedy any defect, malfunction, or nonconformance of the Trailer within a reasonable time and without charge to the Plaintiffs.

50. Defendants have failed to remedy the defects within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written and implied warranties applicable to the subject Trailer.

51. As a result of Defendants' breaches of written and implied warranties, and Defendants' failure to remedy the same within a reasonable time and without charge to Plaintiffs, Plaintiffs have suffered damages.

## **COUNT II**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT,
15 U.S.C. §2301, *et seq.*, and ARIZ. REV. STAT. § 47-2314**

52. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Defendants are merchants with respect to the subject trailers.

54. The Trailer was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and Ariz. Rev. Stat. § 47-2314, running from Defendants to Plaintiffs.

8

55. An implied warranty that the subject Trailer was merchantable arose by operation of law as part of the purchase of the Trailer.

56. Defendants breached the implied warranty of merchantability in that the Trailer was not in merchantable condition when the Plaintiffs purchased it, or at any time thereafter, and the Trailer is unfit for the ordinary purposes for which such trailers are used.

57. Plaintiffs notified Defendants of the defects in the Trailer, which was a reasonable time after Plaintiffs discovered the breach.

58. As a result of Defendants' breaches of the implied warranty of merchantability, Plaintiffs have suffered damages, including but not limited to incidental and consequential damages.

## COUNT III

## REVOCATION OF ACCEPTANCE

59. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Plaintiffs reasonably assumed, and Defendants represented, that all of the aforesaid defects would be cured within a reasonable time.

61. After extended periods of time by Defendants to cure, it has become apparent that said defects cannot be seasonably cured.

62. The defects substantially impair the value of the Trailer to the Plaintiffs.

63. The Plaintiffs have previously notified Defendants of said defects and of Plaintiffs' intent to revoke acceptance and demand return of the purchase price of said Trailer.

64. Defendants have nevertheless refused to accept return of the Trailer and have refused to refund Plaintiffs' purchase price.

65. As a result of said refusal, the Plaintiffs have been damaged.

## COUNT IV

## BREACH OF EXPRESS WARRANTIES

66. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

67. In connection with the sale of the Trailer, Defendants expressly warranted that, among other things:

   a. The Trailer was fit for the purposes of safe and reliable use;

   b. The Trailer was of good, sound, and merchantable quality;

   c. The Trailer was free from defective parts and workmanship;

   d. The Trailer was so engineered and designed as to function without requiring unreasonable maintenance and repairs;

   e. In the event the Trailer was not free from defective parts or workmanship as set forth above, the Defendants would repair or replace same without cost to Plaintiffs; and

10

     f. That any defects or non-conformities would be cured within a reasonable time.

68. Defendants breached these express warranties in that the Trailer is plagued by problems that substantially impair the Trailer's use, safety, and value to the Plaintiffs.

69. The Plaintiffs have given Defendants reasonable opportunities to cure said defects, but Defendants have been unable and/or have refused to do so within a reasonable time.

70. As a result of said nonconformities, Plaintiffs cannot reasonably rely on the Trailer for the ordinary purpose of safe, comfortable, and efficient use.

71. As a result of breach of express warranties, Plaintiffs have been damaged.

## COUNT V

## BREACH OF CONSUMER FRAUD ACT, ARIZ. REV. STAT. ANN. § 44-1522

72. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The sale of the defective vehicles to Plaintiffs, under the guise that they were free from defects that would substantially impair their use, safety, or value, represents an unlawful or deceptive trade practice under Ariz. Rev. Stat. Ann. § 44-1522.

74. Defendants violated Ariz. Rev. Stat. Ann. § 44-1522 in one or more of the following ways:

   a. Making of fraudulent and/or negligent representations, as herein before alleged;

   b. Representing the subject Trailer to be of good, merchantable quality, free of defects, when in fact it was not;

   c. Representing that the repairs could be performed properly, within a reasonable time, when Defendants knew, or in the exercise of reasonable care, should have known that this was not the case;

   d. Failing to reveal material facts, including, but not limited to, the nature of the nonconformities and defects complained of herein; and

   e. Failing to offer a refund of the purchase price of the Trailer in accordance with the applicable warranties.

75. Defendants are in the business of selling motor homes and trailers and, therefore, the violations are likely to affect the general public, now and in the future.

76. Defendants violated the law willfully and knowingly.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants as follows:

   A. An order approving revocation of acceptance of the Trailer;

   B. Money damages, in the form of a refund of the full contract price, including, trade-in allowance, taxes, fees, insurance premiums, interest,

and costs, and a refund of all payments made by Plaintiffs on the subject Trailer contract;

C. Equitable relief including, but not limited to, replacement with a new trailer, or repair of the defective Trailer with an extension of the express and implied warranties, and service contracts which are or were applicable to the subject Trailer, in the event that Plaintiffs are not found to be entitled to revocation;

D. Incidental and consequential damages;

E. Punitive damages;

F. Reasonable attorneys' fees;

G. Costs; and

H. Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: June 21, 2016                    LEMBERG LAW, LLC


By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorney for Plaintiffs,
Christine Bennett and Darrin Bennett